FILED
SUPERIOR COURT
OF GUAM

2019 FEB -1 PM 1: 54

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| HARGOPAL S. SACHDEV, | CIVIL CASE NO. CV 0626-11 |
|---|---|
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| AMARJIT S. SACHDEV, PICHET SACHDEJ, PAUL'S (GUAM), INC., and JPR, INC., | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on September 27, 2018, upon Plaintiff Hargopal S. Sachdev's Order to Show Cause filed first on May 23, 2018, and again on July 31, 2018. Attorney Daniel J. Berman represents Plaintiff Hargopal S. Sachdev ("Plaintiff"). Defendants Amarjit S. Sachdev, Pichet Sachdej, Paul's (Guam), Inc., and JPR, Inc. (collectively, "Defendants") were represented by Attorneys Cesar Cabot and Jon R. Ramos. For the reasons set forth below, having reviewed the pleadings and oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

The instant case arises from a dispute between three brothers and two corporate defendants. Between October 10, 2012 and March 20, 2017, the parties engaged in both formal arbitration and mediation proceedings. Consequently, the arbitrator issued three awards resulting from the arbitration: 1) Provisional Arbitration Award; 2) Arbitration Award; and 3)

Supplemental Arbitration Award. On May 1, 2017, Roger filed a Petition to Confirm Arbitration Awards and for an entry of Judgment. Defendants filed their non-opposition to the petition to confirm the arbitration awards on May 30, 2017. Thereafter, on June 21, 2017, the Court confirmed and executed the prosed final judgment submitted by the Plaintiff.

On December 4, 2017, Plaintiff filed a Request for Order to Show Cause and Order to Show Cause alleging that the Defendants failed to "make a contribution of $100,000.00 to a licensed tax-exempt charity in the name of Teja Singh Sachdev, and shall provide proof of such contribution to Plaintiff" pursuant to the Judgment. Plaintiff argued that instead of a monetary contribution of $100,000.00 to a charity, the Defendants delivered various school uniforms to private schools in the name of Teja Singh Sachdev purportedly valued at that amount. The Defendants, on the other hand, maintained that they had fully complied with the Judgment, arguing that the Judgment did not specify that the required charitable contribution must be a cash contribution.

On February 9, 2018, the Referee issued a Decision and Recommendation on Plaintiff's Request for Order to Show Cause, finding the Defendants in contempt for willfully failing to comply with the terms of the Judgment. Thereafter, having not satisfied the Judgment, the Plaintiff filed the instant Request for Order to Show Cause why an Order should not be made adjudging Defendants to be in contempt of Court for willfully not contributing $100,000.00 in cash to a tax-exempt charity. Consequently, the Court ordered the Defendants to appear to show cause why they should not be held in contempt for failing to comply with the terms of the Judgment and the Referee's Decision. A hearing was held on the Plaintiff's Order to Show Cause on September 27, 2018. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

The Rules for Expedited Process govern the procedure before the Judicial Hearing Division of the Superior Court. Preamble to Co. Rules for Expedited Process (1994). Under the Rules, once the Referee submits a recommendation to the Superior Court, the parties have ten (10) days to object to such recommendation. Rule 7.1 of Super. Ct. Rules for Expedited Process.

If there is no objection or request for review within ten (10) days of the referee's recommendation, the parties are considered to have consented to entry of an order in conformance with the recommendation. Id.; see also Palomo v. Manglona, 2012 Guam 18 ¶ 20. Similarly, once the Referee submits a written recommendation to the Superior Court, the Court must reject the recommended order within ten (10) days of hearing the matter or it shall be deemed adopted without signature. Rule 6.7 of Super. Ct. Rules for Expedited Process. The Referee's recommended order has the effect of an order of the court, and thus, the parties are bound thereby unless and until the Superior Court rules otherwise. See Id.; see also Palomo v. Manglona, 2012 Guam 18 ¶ 21 n.1.

Lamb v. Hoffman set the standard of review required in those instances when a Referee's Order is under review by the trial court. Lamb v. Hoffman, 2008 Guam 2 ¶ 41. The Supreme Court of Guam explained that a full appellate review of a Referee's decision would be contrary to what the Guam Legislature intended when it created the Referee position, and would not result in an expedited process. Id. Thus, the Court adopted a "pragmatic approach" while "require[s] only that the trial court make a good faith effort to supervise the referee and correct any obvious errors." Id. This approach conveys to the trial court wide discretion. "If a judge is sufficiently confident in the findings of the referee, [the Court] may simply accept the referee's conclusions with minimal comment." Id. at ¶ 42.

Here, the Referee submitted his Decision and Recommendation with the Superior Court on February 9, 2018. First, neither party filed an objection to the Referee's decision within the time prescribed under Rule 7.1. Therefore, any objections at this point are untimely and not subject to the expedited timeline set out by Rule 6.7. The Defendants, however, did file a Response to the Plaintiff's Order to Show Cause objecting to the Referee's recommendation and requesting that the Court reject the Referee's Decision and Recommendation entirely. Nonetheless, the Court, having conducted a meaningful review of the recommendation and pleadings filed in this matter, is confident that the Referee reached a sound and accurate conclusion in finding the Defendants in contempt for willfully failing to comply with the terms of the Judgment. Accordingly, the Court **AFFIRMS** the Referee's Decision and

Recommendation on Plaintiff's Order to Show Cause and adopts the findings and conclusions contained therein. Thus, the Court finds the Defendants in contempt for willfully failing to comply with the terms of the Judgment.

## CONCLUSION

For the reasons set forth above, the Court **AFFIRMS** the Referee's Decision and Recommendation on Plaintiff's Order to Show Cause and adopts the findings and conclusions contained therein. Thus, the Court finds the Defendants in contempt for willfully failing to comply with the terms of the Judgment. A further proceeding to determine whether and to what extent Defendants should be given credit for the property donated is set for APR 16 2019 *at 11:00 Am.*

IT IS SO ORDERED _____ FEB 0 1 2019 _____.


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: Berman Fitzgerald, J. Ramos

Date: 2/1/19  Time: 2P

Deputy Clerk, Superior Court of Guam